**Opinion filed February 2, 2017**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00259-CR, 11-16-00260-CR, & 11-16-00261-CR
_____

**BRIAN RAMSEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. D-45,766, D-45,767, & D-45,768**

## M E M O R A N D U M   O P I N I O N

Brian Ramsey, Appellant, originally pleaded guilty to one charge of deadly conduct and two charges of aggravated assault with a deadly weapon. Pursuant to the terms of the plea agreements, the trial court deferred a finding of guilt and placed Appellant on community supervision for five years in each cause. Soon thereafter, the State filed a motion to proceed with an adjudication of guilt in each cause. Appellant pleaded true to the State's sole allegation in each cause: that Appellant

had violated the terms and conditions of his community supervision by using methamphetamine. The trial court found the State's allegation to be true, revoked Appellant's community supervision, adjudicated him guilty of the charged offenses, and assessed his punishment at confinement for five years for the deadly conduct conviction and ten years for each of the two convictions of aggravated assault with a deadly weapon. The trial court also imposed a fine of $2,000 in each cause. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in each appeal. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeals are frivolous and without merit. With respect to each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Appellant filed a response in which he states, "I Brian Ramsey wish for my appeal to be dismissed."

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in each cause, and we agree that the appeals are without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is

sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record in each cause, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility in each case to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.

PER CURIAM

February 2, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.